# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-1595V
UNPUBLISHED

| | |
|---|---|
| HEATHER MIDDELKOOP,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: March 25, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Jessica Olins, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*Catherine Elizabeth Stolar, U.S. Department of Justice, Washington, DC, for Respondent.*

### RULING ON ENTITLEMENT[1]

On October 15, 2019, Heather Middelkoop filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that her receipt of an influenza ("flu") vaccination on January 11, 2017, caused her to develop a Shoulder Injury Related to Vaccine Administration ("SIRVA"). Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 25, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent states that medical personnel at DICP have reviewed the facts of this case and concluded that Petitioner's claim meets the Table criteria for

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

SIRVA. *Id.* at 7.  Respondent further agrees that "petitioner had no history of pain, inflammation or dysfunction of the affected shoulder prior to her vaccination that would explain the alleged symptoms and examination findings occurring after vaccine injection; she more likely than not suffered the onset of pain within forty-eight hours of vaccine administration; her pain and reduced range of motion were limited to the shoulder in which the vaccine was administered; and there is no other condition or abnormality present that would explain petitioner's symptoms", and that she is therefore entitled to a presumption of vaccine causation. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master