# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 19-1595V
(not to be published)

| | |
|---|---|
| HEATHER MIDDLEKOOP, | Chief Special Master Corcoran |
| Petitioner, | Filed: August 18, 2022 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Attorney's Fees and Costs; Civil Case Preparation |
| Respondent. | |

*Jessica Olins, Maglio Christopher & Toale, PA, Seattle, WA, for Petitioner.*

*Catherine Elizabeth Stolar, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 15, 2019, Heather Middelkoop filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that her receipt of an influenza vaccination on January 11, 2017, caused her to develop a Shoulder Injury Related to Vaccine Administration. (Petition at 1). On February 7, 2022, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 49).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated June 28, 2022, requesting an award of $26,872.56 in fees and costs incurred by Maglio, Christopher, and Toale, PA, plus $6,042.95 in fees and costs incurred by prior counsel, Maynard, O'Connor, Smith & Catalinotto, LLP. (ECF No. 54). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 54-3). Respondent reacted to the motion on July 7, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 55). Petitioner did not file a reply.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

1. *Maglio, Christopher & Toale, PA*

Petitioner requests compensation for attorney Jessica A. Olins at the following rates: $199 for 2019; $225 for 2020; $266 for 2021; and $290 for 2022. (ECF No. 54-1 at 26). These requested rates are reasonable and consistent with what has previously been awarded for work performed by Ms. Olins, and will therefore be awarded herein as well.

2. *Maynard, O'Connor, Smith & Catalinotto, LLP*

A.   Hourly Rates

Petitioner requests compensation for attorney Robert A. Rausch at the rate of $275 per hour for all time billed in the 2018-19 timeframe. (ECF No. 54-5 at 2-5). Mr. Rausch has been a licensed attorney for 27 years.[3] Based on his years of experience as applied to the OSM Attorney Fees and Costs rates chart, I find his requested rates reasonable and award them herein.

B.   Civil Case Filing

Under the Vaccine Program, fees and costs awards are limited to work "incurred in any proceeding on [a] petition."  Section 15(e)(1); *see also Krause v. Sec'y of Health & Human Servs.*, No. 01-93V, 2012 WL 4477431, at *6 (Fed. Cl. Spec. Mstr. June 20, 2012). But "research conducted to explore petitioner's civil remedies . . . *are not* tasks related to the proceedings on this vaccine claim," and thus, should not be compensated. *Krause*, 2012 WL 4477431, at *6 (emphasis added).

Mr. Rausch's invoices reveal multiple billing entries for tasks relating to the preparation of a civil suit against the vaccine administrator, as opposed to litigating the claim in the present forum. These include the following (not an extensive list):

- June 18, 2018 (0.10 hrs) "Letter to Claims Management advising of our representation and request for contact to discuss claim";

---

[3] This information was independently obtained by the Court.  https://www.avvo.com/attorneys/12203-ny-robert-rausch-929695.html

- July 23, 2018 (0.20 hrs) "Phone conference with Katie Hawkins at Claims Management re: status of case and request for payment of expenses";

- August 10, 2018 (0.20 hrs) "Prepared and revised demand letter to Wal Mart claims";

- November 26, 2018 (0.20 hrs) "Phone conference with Optum, and follow up letter, requesting information on payment and claim";

- January 11, 2019 (0.20 hrs) "Phone conference from Katie Hawkins presenting offer of $12,500 and explaining basis for that demand"; and

- March 4, 2019 (0.20 hrs) "Phone conference from Katie Hawkins from Claims Management following up on status of case and when we are placing it into suit; she is still maintain the same position regarding value".

(ECF No. 54-6 at 2-4).

Time billed for the settlement negotiations and civil claim preparation against the vaccine administrator will not be awarded. This shall reduce the amount of fees recoverable by Maynard, O'Connor, Smith & Catalinotto LLP by the amount of **$2,282.50**.[4]

## ATTORNEY COSTS

Petitioner requests $756.56 in costs incurred by Maglio, Christopher & Toale, (ECF No. 54-2), and $201.45 in costs incurred by Maynard, O'Connor, Smith & Catalinotto LLP. (ECF No. 54-6). These amounts are comprised of obtaining medical records, pacer fees and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion as follows:

---

[4] This amount consists of $275 x 8.3 hrs = $2,282.50.

- **A lump sum of $26,872.56, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel,   mctlaw. Petitioner requests payment be forwarded to mctlaw 1605 Main Street, Suite 710, Sarasota, Florida, 34236; and**

- **A lump sum of $3,760.45, representing reimbursement for petitioner's costs, in the form of a check payable to Maynard, O'Connor, Smith & Catalinotto, LLP. Petitioner requests payment be forwarded to Maynard, O'Connor, Smith & Catalinotto, LLP, 6 Tower Place, Albany, New York, 12203.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.